IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE CALYPSO, INC.,** <br> v. <br> **GROUPON, INC.** | **Civil Action No. 6:12-cv-486** |
| **BLUE CALYPSO, INC.,** <br> v. <br> **IZEA, INC.** | **Civil Action No. 6:12-cv-786** |
| **BLUE CALYPSO, INC.,** <br> v. <br> **YELP, INC.** | **Civil Action No. 6:12-cv-788** |
| **BLUE CALYPSO, INC.,** <br> v. <br> **FOURSQUARE LABS, INC.** | **Civil Action No. 6:12-cv-837** |
| **BLUE CALYPSO, INC.,** <br> v. <br> **MYLIKES, INC.** | **Civil Action No. 6:12-cv-838** |

**PLAINTIFF BLUE CALYPSO, INC.'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Blue Calypso, Inc. ("Blue Calypso"), pursuant to Local Patent Rule 3-6(b) and Paragraph 2 of the this Court's April 26, 2013 Scheduling and Discovery Order, files this Motion for Leave to File its First Amended Complaint.

I. **STATEMENT OF FACTS**

In July and October of 2012, Blue Calypso filed a series of suits against the above named Defendants alleging infringement of U.S Patent Nos. 7,664,516 and 8,155,679. On May 7, 2013, the United States Patent and Trademark Office issued a related patent, U.S. Patent No. 8,438,055, attached as Ex. A. Blue Calypso seeks leave to amend its complaint to include allegations of infringement of the '055 patent.

The '055 patent claims priority to the '516 patent-in-suit and incorporates its specification by reference. *See, e.g*, Ex. A, '055 patent at Col 1:9-17. The '055 patent shares the same two inventors, Andrew Levi and Bradley Bauer. And it relates to systems and methods for the distribution of advertisements between communication devices—generally the same subject matter involved in the present litigation concerning the '516 and '679 patents. The same accused activity of the Defendants that infringes the first two patents, also infringes the '055 Patent. Thus, Blue Calypso believes that the subject matter should be handled in the same lawsuit. Blue Calypso respectfully request that this Motion for Leave to File its First Amended Complaint be granted.

The cases are still in the very early stages with the Court just recently entering a Scheduling and Discovery Order.[1] The attached First Amended Complaint only makes one modest change: to add the new third patent asserted against the same Defendants and their same systems that Blue Calypso contends also infringe the first two patents.

As further detailed in the attached Certificate of Conference, Blue Calypso contacted counsel for Defendants to determine whether they would oppose the instant motion. Only one defendant, Yelp, expressed a potential compromise, but it involved unnecessary delays in the Court's scheduling order; specifically, an extension of *all* the current schedule deadlines, including initial disclosures, by approximately 40 days after the amended infringement contentions are served as to the '055 patent.

Blue Calypso believes such indiscriminate delay of the entire case is unnecessary because the amendment would not prejudice Defendants' defense or disclosure obligations with respect to the two patents currently in suit. And to avoid any delay with respect to the '055 patent, on May 9, Blue Calypso provided charts required by P.R. 3-1 disclosing the asserted claims of the new '055 patent and comparing the claim elements of the '055 to the same accused instrumentalities already alleged to infringe. *See* Ex. B. Thus,

---

[1] *See Blue Calypso, Inc. v. Groupon, Inc.,* Case No. 6:12-cv-486, April 26, 2013 Scheduling and Discovery Order (ECF. No. 47).

any impending discovery deadlines concerning the '516 and '679 patents are not affected by this amendment. And if the Court grants leave to amend, Blue Calypso will agree to an extension of time to provide invalidity contentions specific to the '055 patent, so Defendants will also not face prejudice with respect to that patent.

Upon issuance of the '055 patent, Plaintiff filed complaints against Defendants for infringement of that patent in anticipation of opportunistic declaratory judgment actions that may be filed by Defendants.[2] Should the Court grant this motion, Plaintiff intends to dismiss those actions without prejudice in favor of the present actions.

## II.     ARGUMENT

Under the Federal Rules, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Because federal policy strongly favors determination of cases on their merits, leave to amend the pleadings should be freely given unless the opposing party satisfies its burden of showing prejudice, undue delay, bad faith, dilatory motive, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Davis v. U.S.,* 961 F.3d 53, 57 (5th Cir. 1991); *Clauder v. Sears, Roebuck and Co.,* 805 F.Supp. 445, 447 (E.D.Tex. 1992) (citing *Davis*).

The factors to consider in weighing a motion for leave to amend are well-settled: (1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) wither the amendment is futile. *See Davis*, 961 F.3d at 57; *Jebaco, Inc. v. Harrah's Operating Co., Inc*., 587 F.3d 314, 322 (5th Cir. 2009).

---

[2] *Blue Calypso, Inc. v. Groupon, Inc.* (No. 6:13-cv-372); *Blue Calypso, Inc. v. IZEA, Inc.* (No. 6:13-cv-375); *Blue Calypso, Inc. v. Yelp, Inc.* (No. 6:13-cv-374); *Blue Calypso, Inc. v. Foursquare Labs, Inc.* (No. 6:13-cv-373); *Blue Calypso, Inc. v. MyLikes, Inc.* (No. 6:13-cv-376).

None of these factors preventing amendment is present here, and thus Defendants can present no legitimate grounds for denying Blue Calypso's timely request to add the additional patent.

### A.     Blue Calypso's motion for leave is timely.

The Scheduling and Discovery Order provides that the deadline to amend pleadings is May 31, 2013. There can be no question as to whether Blue Calypso's motion is timely. A motion for leave to amend is presumptively timely where the party submits it on or before the deadline set by the Court. *See FDIC v. Conner*, 20 F.3d 1376 (5th Cir. 1994); *Garcia v. Columbia Medical Center of Sherman*, 966 F.Supp 605, 609 (E.D.Tex. 1998).

### B.     There is No Undue Prejudice to Defendants

Defendants will suffer no prejudice from the amendment, much less any undue prejudice. In the Eastern District of Texas, the Court readily grants leave to amend pleadings in patent infringement cases in the absence of real prejudice, even when it comes much later in the case. *See, e.g.*, *Good Sportsman Marketing LLC v. Testa Associates, LLC,* 2005 WL2850302 at *6 (E.D. Tex. 2005) (granting leave to amend complaint to add additional party after deadline for amendments passed); *Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd.,* 191 F.R.D. 119 (E.D. Tex 1999) (granting leave to amend answer to add additional defenses six days before trial).

The case is at an early stage. Fact discovery is not scheduled to close until March 24, 2014, and expert discovery has not yet begun. (ECF. No. 47.) Claim construction briefing also has not yet begun, as the parties are scheduled to exchange opening claim construction briefs on September 6, 2013. (*Id.*) Moreover, as discussed above, the new '055 patent is part of the same family as the patents-in-suit, and shares part of the same specification. As seen in the infringement contention charts Blue Calypso provided the

Defendants on May 9, Defendants' accused instrumentalities are the same as what is accused in the first two patents-in-suit.

Defendants would be correct in pointing out that invalidity contentions for the '516 and '679 patents are due soon. But those contentions are not affected by this amendment, so there is no prejudice that can be claimed. Moreover, those patents have been in the case and defendants have been aware of them for over six months now, so additional delay on providing invalidity contentions for and initial production related to the '516 and '679 patents is not warranted. With respect to invalidity contentions for the new '055 patent, Blue Calypso would be amenable to an extension of time to serve contentions specific to the asserted claims in that patent beyond the current May 31 deadline for invalidity contentions and has so stated to Defendants.

    **C.**    **This amended complaint to add a recently-issued related patent is brought for a proper purpose and is not futile.**

Finally, Blue Calypso's allegations of infringement against Defendants cannot be considered "futile" or to have been brought for an improper purpose because Blue Calypso merely seeks to add an additional patent that is related to the two patents already involved in the suit, and does so before the deadline to amend pleadings. This Court determines futility based on whether the amended complaint would fail to state a claim upon which relief could be granted. *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). The amended complaint simply adds a new patent, and Blue Calypso accuses Defendant's same systems of infringement with the same level of particularity as in the original complaint.

    **III.**    **CONCLUSION**

For the foregoing reasons, Plaintiff Blue Calypso respectfully requests leave to file the attached First Amended Complaint.

Dated: May 17, 2013            Respectfully submitted,

                                                 FISH & RICHARDSON P.C.

                                                 By: */s/ Carl E. Bruce*
                                                        Thomas M. Melsheimer
                                                        Texas Bar No. 13922550
                                                        txm@fr.com
                                                        Carl E. Bruce
                                                        Texas Bar No. 24036278
                                                        ceb@fr.com
                                                        David B. Conrad
                                                        Texas. Bar. No. 24049042
                                                        1717 Main Street, Suite 5000
                                                        Dallas, Texas 75201
                                                        Telephone (214) 747-5071
                                                        Facsimile (214) 747-2091

                                                        Robert E. Hillman
                                                        Massachusetts BBO No. 234,820
                                                        Hillman@fr.com
                                                        One Marina Park Drive
                                                        Boston, MA 02210

                                                 **COUNSEL FOR BLUE CALYPSO, INC.**

                                                 By: */s/ Jack Wesley Hill*
                                                        Jack Wesley Hill
                                                        Texas Bar No. 24032294
                                                        wh@wsfirm.com
                                                        WARD & SMITH LAW FIRM
                                                        1127 Judson Road, Suite 220
                                                        Longview, Texas 75601
                                                        Telephone (903) 757-6400
                                                        Facsimile (903) 757-2323

                                                **LOCAL COUNSEL FOR**
                                                **BLUE CALYPSO, INC.**

**Certificate of Conference**

On Wednesday, May 1, Carl Bruce, counsel for Blue Calypso emailed Defendants' counsel of record stating that "Patent Office will be issuing a new patent to Blue Calypso in the near future.  Blue Calypso plans to move the Court to allow it to file an amended complaint adding the new patent in each of the cases and to serve infringement contentions for the patent." Mr. Bruce requested a response by close of business on Friday, May 3. Defendants did not respond.  On Monday, May 6, Mr. Bruce again emailed Defendants and asked for a meet and confer in light of their failure to respond.  The Defendants' responses are attached as Ex. C. In addition, counsel for Blue Calypso and counsel for Yelp and Groupon participated in a telephone conference at 2pm on Monday, May 6.  Blue Calypso proposed maintaining the schedule for the original two patents-in-suit, with an extension for Defendants to serve invalidity contentions as to the '055 patent or in the alternative for Defendants to agree not to file any declaratory judgment actions until such a time as the parties reached agreement.  Groupon and Yelp agreed to consider these proposals and to take them to the other defendants but did not get back to Blue Calypso.  See Ex. D (email response to Matt Acosta).  As of the evening on Monday, May 6, all Defendants had either (i) not substantively responded to the request, or (ii) attached conditions to the request involving an unnecessary delay of the Court's scheduling order.  To preserve its rights in light of possible declaratory judgment filings by Defendants, Blue Calypso filed new actions alleging infringement of the '055 patent shorty after it issued at 12:00am ET.

All parties then met and conferred on Friday, May 10.  Defendants stated that the '055 patent should be part of the originally filed actions, but still insisted on sliding the schedule for all patents forty days from the service of infringement contentions for the '055 patent.  Defendants asked Blue Calypso to make a proposal, indicating that something in the 30-40 day range might be acceptable.  Blue Calypso proposed sliding the in-

validity contention and initial production schedule for all patents by 1 week to June 7, or 28 days from service of the '055 infringement contentions.  Defendants stated that they would consider this and would get back to Blue Calypso on Monday or Tuesday, May 13 or 14. Defendants would not agree to Blue Calypso's request to amend its complaints to add the '055 patent or a joint motion to consolidate with a separate opposed motion focused on any scheduling disagreements.

    Defendants never got back to Blue Calypso as they stated they would and Blue Calypso believes the parties are at an impasse.

/s/*Carl E. Bruce*
Carl E. Bruce

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 17, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/*David B. Conrad*
David Conrad